IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02554-WYD-MJW

SETH KAPLAN,

Plaintiff(s),

v.

NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, f/k/a
RESURGENT MORTGAGE SERVICING,

Defendant(s).

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Defendant New Penn Financial, LLC d/b/a Shellpoint
Mortgage Servicing as Successor in Interest to Resurgent Mortgage Service, LP's
Motion to Compel Plaintiff's Further Discovery Responses (docket no. 27) is GRANTED
IN PART AND DENIED as follows.

The subject motion (docket no. 27) is GRANTED as to Defendant's Requests for
Production Nos. 15, 17, 21, and 22.  As to Defendant's Requests for Production Nos. 15
and 17, on or before May 15, 2015, Plaintiff's counsel shall meet with Defendant's
counsel, in person, and Plaintiff's counsel shall hand deliver to Defendant's counsel a
written list of all documents that Plaintiff relies on to support his Complaint.  Defendant's
counsel shall review this list and inform Plaintiff's counsel on or before May 26, 2015,
which documents on this list that Defendant's counsel does not already possess.
Plaintiff's counsel shall provide hard copies of any documents that Defendant needs
from this list on or before June 1, 2015.  That as to Defendant's Requests for Production
Nos. 21 and 22, on or before May 15, 2015, the Plaintiff shall provide to Defendant full
and complete responses to Defendant's Requests for Production Nos. 21 and 22.  The
remainder of the subject motion (docket no. 27) is DENIED.  Each party shall pay their
own attorney fees and costs for this motion.

After reviewing thoroughly the disputed interrogatories, requests for admissions,
and requests for production listed below, this court finds that Defendant's interrogatories
3, 9 ,11, 12, 13, 14, 16, 17, and 19 and Defendant's requests for admissions 7, 10, and
14 have been adequately responded to by Plaintiff.  No further responses by Plaintiff to
these interrogatories and requests for admissions are required.  Furthermore, the court
finds that Defendant had a full and adequate opportunity to inquire further into
interrogatories 3, 9, 11, 12, 13,14, 16, 17, and 19  and requests for admissions 7, 10,

2

and 14 during Plaintiff's deposition taken on April 10, 2015.  It should be noted that Defendant was given up to seven (7) hours to depose plaintiff per the Scheduling Order. See docket no. 16, paragraph 8, subparagraphs a., b., & e.  As to Defendant's requests for production nos. 15 and 17, this court finds that Plaintiff has responded to requests for production nos. 15 and 17 by stating, *in essence*, that **"all documents that support his Complaint have been produced."**  However, Plaintiff does not articulate, with particularity, which documents he relies upon to support his Complaint in his responses to requests for production nos. 15 and 17.  Accordingly, Plaintiff's responses to requests for production nos. 15 and 17 are incomplete and evasive.  Lastly, Plaintiff's objections that Defendant's request for production nos. 21 and 22 are vague, ambiguous, and are not reasonably calculated to lead to discovery of admissible evidence are overruled.

Date: April 29, 2015