## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: **14-cv-02554-WYD-MJW**

SETH KAPLAN,

     Plaintiff,

v.

NEW PENN FINANCIAL, LLC, d/b/a SHELLPOINT MORTGAGE SERVICING, f/k/a RESURGENT MORTGAGE SERVICING,

     Defendant.

---

### STIPULATED PROTECTIVE ORDER ( Docket no 61-1 )

---

       Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Seth Kaplan ("Plaintiff") and Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing as successor in interest to Resurgent Capital Services, LP ("Defendant" or "Shellpoint") by and through their respective attorneys of record hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). Plaintiff and Defendant (collectively, the "Parties") acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge that this Order creates no entitlement to file confidential information under seal; [Restricted Access] D.C.COLO.LCivR. 7.2 sets forth the

- 1 -

procedures that must be followed and reflects the standards that will be applied when a Party seeks to file material under ~~seal.~~ *Restricted Access.*

## 1.    DEFINITIONS

1.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

1.2    CONFIDENTIAL Information or Items: means information, whether or not embodied in any physical medium, including all originals and copies of any document and/or information, used by the Producing Party in or pertaining to its business, or information pertaining to third-party privacy interests, which information the Producing Party believes in good faith to be protected under applicable law regarding privacy information, trade secret information, non-public competitive financial or business planning information which the Producing Party is prohibited from revealing to third parties except in confidence, or has undertaken by contract with others to maintain its confidence.  Nothing herein is intended to confer confidential or protected status on information that is not otherwise protected under Colorado or federal law or which has been publically disseminated.

1.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

1.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL.

1.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

1.7    House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1.9    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

1.10    Party: any Party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

1.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

1.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.13    Protected Material: any Disclosure or Discovery Material that is designated as CONFIDENTIAL.

1.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.    **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.    **DESIGNATING PROTECTED MATERIAL**

4.1    Exercise of Restraint and Care in Designating Material for Protection: Each Party or Non-Party that designates information or items for protection under this Order shall, in good faith, attempt to limit any such designation to material that qualifies under the appropriate standards. If it comes to a Party's or a Non-Party's attention that information or items that it

designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or Non-Party shall notify all other parties that it is withdrawing the mistaken designation.

    4.2   Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires the following:

    (a)   For information in documentary form, the Producing Party must affix the legend CONFIDENTIAL to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s).

    (b)   For testimony given in deposition or in other pretrial or trial proceedings that any Party believes should be designated CONFIDENTIAL, the Party shall designate, either on the record during the deposition, or in writing within 20 days of the receipt by that Party of the unofficial deposition transcript, the specific portions of the testimony as to which protection is sought. The Designating Party shall be required to provide notice to the court reporter

identifying those sections of the deposition transcript that are being designated. To the extent feasible, the court reporter shall separate those sections before producing an official transcript and shall produce the pages designated as CONFIDENTIAL in a separately bound section. If this is not feasible or if the official transcript has already been completed, then the notice from the Designating Party shall be affixed by the court reporter to the official transcript provided to any Party.

(c)    For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend CONFIDENTIAL. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.3    Inadvertent Failures to Designate: If timely corrected, an inadvertent failure to designate qualified information or items as CONFIDENTIAL does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including, but not limited to, endeavoring in good faith to obtain the return of, or confirm the destruction of, all copies of documents that it distributed or disclosed to persons not authorized to access such information.

## 5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    Timing of Challenge: Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    5.2    Method of Challenge: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by serving a written objection upon the Designating Party. The Designating Party shall notify the Challenging Party in writing of the bases for the asserted designation within ten days after receiving a written objection. The Parties shall confer in good faith as to the validity of the designation within five days after the Challenging Party has received the Designating Party's bases for the asserted designation. If the Parties are unable to reach an agreement as to the challenged designation, the Challenging Party may make an appropriate application to the Court. Until a challenge to an asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall treat the information or materials in question according to the original designation.

    5.3    Judicial Intervention: If a Party elects to challenge a confidentiality designation after considering the justification offered by the Designating Party, the Challenging Party may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

## 6.    ACCESS TO AND USE OF PROTECTED MATERIAL

    6.1    Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     Disclosure of CONFIDENTIAL Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     The Court and its personnel;

(e)     Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g)      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 7.   PROTECTED MATERIAL SUBPOENAED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, that Party must:

(a)      Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)      Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection of its confidential material in that court. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 8.   NON-PARTIES

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as CONFIDENTIAL.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10.  INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), attorney-client privilege, work product protection, or any other privilege or protection shall not be waived, in this case or in any other Federal or State proceeding, by inadvertent disclosure. More specifically, if any privileged or protected documents, records, and/or data are inadvertently disclosed to another Party, such documents will not lose the privilege and/or protection attached thereto by the mere fact such documents were inadvertently disclosed, nor may any such documents, once identified, be used for any purpose. All copies of such document(s) shall be returned to the Producing Party or be destroyed within five days of such notice. This provision shall apply in this case, as well as in any other Federal or State proceeding.

If a dispute arises concerning the protected nature of the document(s) demanded or returned under this paragraph, the Parties shall meet and confer in good faith in an effort to resolve the dispute. If the Parties are unable to resolve the dispute, the Producing Party may file

a motion for protective order protecting the document(s) at issue from being further disclosed, and requiring that the document(s) be returned to the Producing Party. In the event of such a motion for protective order, the Producing Party shall have the burden to demonstrate the claimed privilege, work product immunity or other immunity. The Receiving Party will not use or refer to any information contained within the document(s) at issue, including in deposition or at trial or in any court filing, unless and until such a motion for protective order is denied by a court.

11. **MISCELLANEOUS**

    11.1    Right to Further Relief: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    11.2    Right to Assert Other Objections: By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12. **FINAL DISPOSITION**

    Within 60 days after the final disposition of this action, as defined in paragraph 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled

to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 3.

**13.    REDACTIONS**

Any Producing Party may redact from the documents and things it produces any matter that the disclosing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document. This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity.

**14.    DISCLOSURE DURING TRIAL OR AT HEARING**

If the need arises during trial or at any Hearing before the Court for any Party to disclose CONFIDENTIAL information, it may do so only after giving notice to the Producing Party and as directed by the Court.

**15.    DISCLOSURE BEYOND TERMS OF PROTECTIVE ORDER**

15.1    Consent: Nothing shall prevent disclosure beyond the terms of this Order if the Producing Party consents to such disclosure in writing, or if the Court orders such disclosure.

15.2    Exclusions: This Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information for any purpose.  Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of Protected Material:

(a)    Separately obtained lawfully independently of this action;

(b)    Already known to the Receiving Party by lawful means prior to acquisition from, or disclosure by, the Producing Party in this action;

(c)    Which is or becomes publicly known through no fault or act of the Receiving Party; or

(d)    Rightfully received by the Receiving Party from a Non-Party with authority to provide such material without restriction as to disclosure.

## 16.    FILING PROTECTED MATERIAL

In the event that CONFIDENTIAL information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use.  Whenever any Protected Material must be filed with the Court, Parties shall seek to restrict public access to such filings by filing appropriate motions that meet the requirements of D.C.COLO.LCivR. 7.2.  Parties shall seek the lowest reasonable level of restriction under D.C.COLO.LCivR. 7.2.

IT IS SO STIPULATED, THROUGH ATTORNEYS OF RECORD.

/s/ Michael E. Gerst
Terry B. Bates
Michael E. Gerst
Attorneys for Defendant
New Penn Financial, LLC d/b/a Shellpoint
Mortgage Servicing as successor in interest to
Resurgent Capital Services, LP

s/ Eric R. Coakley
Eric R. Coakley
Attorney for Plaintiff
2373 Central Park Blvd., Suite 100
Denver, CO 80238
coakley@coakleykrol.com
Tel. (303) 803-1611

## ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and based on the Parties'

joint motion and good cause appearing therefore, the Court hereby enters the above Stipulated

Protective Order. As Amended, by The Court.

IT IS SO ORDERED

DATED: _August 25_, 2015.


BY THE COURT:


MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

- 14 -

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the District of

Colorado on _____ [date] in the case of *Kaplan v. New Penn*

*Financial, LLC*, U.S. District Court for the District of Colorado, No. 14-cv-02554. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 15 -